ARTURO GUERRA, Plaintiff and Appellant, *v.* JUAN GALLARDO, TREASURER OF PUERTO RICO, Defendant and Appellee.

No. 5364. Argued March 13, 1931.—Decided June 27, 1931.

L. *Méndez Vaz* for appellant. *James R. Beverley, Attorney General,* and *M. Rodríguez Serra, Second Assistant Attorney General,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

This is an action for the recovery of taxes paid under protest brought by Arturo Guerra, an engineer and farmer

residing in Vega Baja. The ground for his action is that, being the owner of three-fifths and the lessee of the other two-fifths of the estates "Blandito" and "Carmelita", located in Vega Baja, he planted them to cane and entered into a contract with Messrs. Rubert Hermanos, for the grinding and sale of the canes and advances for their cultivation, and harvesting for a period of three years beginning July 15, 1921. The 1921 crop was liquidated as follows: Expenses, $71,789.75; value of cane delivered, $51,783.11; balance owed by Guerra, $20,006.64. He filed a similar return for the 1922 crop and no taxes were levied on him either. The liquidation for the 1923 crop was different, to wit: Expenses, $65,478; proceeds of cane delivered, $83,897.50; balance owed to Guerra, $18,449 (*sic*). The entire balance owed to Guerra was retained by Rubert Hermanos to be credited against his indebtedness arising from the 1921 and 1922 crops. It was so stated by Guerra on the proper return, setting forth said balance applied to the payment of his debt as a deductible item. The Treasurer refused to allow this deduction and assessed to Guerra as income tax the sum of $856.02. Guerra appealed to the Board of Review and Equalization which upheld the Treasurer. He then paid the tax under protest and brought the present action, which was decided against him by a judgment on the pleadings in the District Court of San Juan. Guerra appealed from that judgment to this Court.

As a matter of law, the appellant maintains that in collecting the taxes from him there has been a violation of subdivision (1) of section 12 of Act No. 43, to provide revenues for the People of Puerto Rico through the levying of certain income and excess profits taxes, and for other purposes, approved in 1921 (Session Laws, p. 312), which reads as follows:

"Section 12.—(1) All the ordinary and necessary expenses incurred or paid during the taxable year in carrying on any business or industry, located in Porto Rico, including a reasonable allowance for salaries and compensation to employees for personal services ac-

tually rendered, and including rentals or other payments required to be made for purposes of the industry or business."

He further argues that his contention is supported by the provisions of section 14 of the same Act specifying the non-deductible items, among which the deduction claimed by the appellant is not included.

He also relies on subdivision (*b*) of section 9 of Act No. 74 of 1925 (Session Laws, p. 401), which provides:

"(*b*) If, for any taxable year, it appears upon the production of evidence satisfactory to the Treasurer that any taxpayer has sustained a net loss, the amount thereof shall be allowed as a deduction in computing the net income of the taxpayer for the succeeding taxable year (hereinafter in this section called 'second year'), and if such net loss is in excess of such net income (computed without such deduction), the amount of such excess shall be allowed as a deduction in computing the net income for the next succeeding taxable year (hereinafter in this section called 'third year'); the deduction in all cases to be made under regulations prescribed by the Treasurer."

The viewpoint of the trial judge was expressed in his opinion thus:

"The plaintiff claims that the deduction or reduction sought by him is covered by the concluding words of the legal provision transcribed: 'other payments required to be made for the purposes of the industry or business.' The reasoning of the plaintiff is that, having applied the sum claimed to the payment of a debt incurred for the purposes of the business, such deduction should have been authorized, since the same is not included among the non-deductible items referred to in section 14 of that Act. We are also cited by the appellant to subdivision (*b*) of section 9 of the Act approved August 6, 1925, as supporting his claim. We fail, however, to see how a statute can be construed relying on the meaning of a subsequent one, since we do not know the facts and reasons which lead the Legislature to pass the new statute.

"There is no doubt that the amount claimed had been advanced to the plaintiff pursuant to a contract with the crop loan creditor and that said sum was applied to the business. Afterwards, upon liquidation of the contract, the year's profits were applied to the

payment of the indebtedness. Did the plaintiff thereby fail to receive a profit? The amount of the loan was deducted when it was applied to the business; but on liquidating the profits the fact that the lender retained it to be credited on account did not divest it of its character as profits not included among the deductible items referred to at the end of section 12. If the plaintiff's theory were accepted, the result would be that the Treasurer would be deducting the same amount twice; first, as cultivation expenses, and then as the payment of an indebtedness incurred in meeting previous expenses.

"The circumstance that the plaintiff was not paid in cash, since the creditor retained the money to be credited to his account, does not take away from the sum claimed its character as income received and taxable. Items of income, as well as expenditures, need not be in the form of cash. It is sufficient that such items, if otherwise properly included in the computation of net income, can be readily valued in terms of money. Income which is credited on account to, or set apart for, a taxpayer and which may be drawn upon by him at any time is subject to tax for the year during which so credited or set apart, although not then actually reduced to possession. Holmes, Federal Taxes (1923 ed.), 420–424.

"So that for an income to become taxable it need not actually be in the possession of the taxpayer; it is sufficient that it has been credited to his account or credited against his indebtedness, or that he can draw on it at any time.

"We are unable to accept the theory of the plaintiff. Similarly as double taxation of the same item can not be permitted, a double deduction or reduction can not be tolerated either."

If subdivision (b) of section 9 of Act No. 74 of 1925, *supra*, could be applied to his case, the appellant would be right; but, as correctly stated by the trial judge, that Act does not apply to the computation of the tax assessed, levied, and collected from Guerra. Even in stronger cases than this one, the intention of the Legislature was fixed in that sense by section 63 of said Act No. 74.

As we must confine ourselves to the construction of sections 12 and 14 of Act No. 43 of 1921, which is the one applicable herein, we can not decide in favor of the appellant no matter how meritorious his case might be otherwise.

We do not think that the payment of the sums due by virtue of liquidations covering previous years could be considered as included among 'other payments required to be made for the purposes of the industry or business.' Each year is separately liquidated. The latter part of the section is related to the first: Mention is made of payments made for salaries and compensations to employees for personal services actually rendered during the year, including rents and other disbursements. Debts corresponding to liquidations of former years can not be included among those other disbursements. For their inclusion it became necessary to enact an express provision like that contained in the Act of 1925.

The judgment appealed from must be affirmed.